BEATTY, Justice
(dissenting):
Our focus is upon the right of a dependent child born out of wedlock to recover workmen’s compensation benefits for the death of his natural father on an equal basis with the father’s dependent legitimate children. We should hold that the Alabama statute which denies illegitimates equal recovery rights unless certain statutory prerequisites for “legitimation” have been met violates the Equal Protection Clause of the Fourteenth Amendment to the U. S. Constitution. See Weber v. Aetna Casualty & Surety Co., 406 U.S. 164, 92 S.Ct. 1400, 31 L.Ed.2d 768 (1972). My reasons follow.
Samuel Davis, Jr. was fatally injured in a job-related accident during his employment with James David Vann, Sr., d/b/a Vann Contracting Company. Vann, as Davis’s employer, filed a bill in the nature of inter-pleader to determine who should receive workmen’s compensation benefits for the death of Mr. Davis. Davis’s two legitimate minor children each claimed a right to share in the death benefits, as did Kenneth Leonard Foy, a minor, who alleged that he was the illegitimate son of the deceased. Although the trial court found that Foy was in fact the illegitimate son of the deceased, “who provided to some extent support for said child, along with normal paternal love, affection, and attention',” the court denied death benefits to Foy because “as a matter of law an illegitimate child is not entitled to death benefits under the Alabama Workmen’s Compensation Act.” The Court of Civil Appeals upheld the lower court’s finding that Kenneth Leonard Foy was the illegitimate son of the deceased, but reversed the trial court’s ruling that Foy could not share in the death benefits with Mr. Davis’s legitimate children. It is the reasoning employed in the latter portion of the judgment of the Court of Civil Appeals that we should be concerned with on this occasion. The interpretation of the Court of Civil Appeals of the pertinent statute amounts to impermissible judicial legislation. Although I hasten to point out that the Court of Civil Appeals correctly determined the rights of the parties under the Workmen’s Compensation Act, I disagree with the specific holding that Code of 1975, § 25-5-1(2) may be interpreted in a manner consistent with the U. S. Constitution.
A deceased worker’s children under 18 years of age are conclusively presumed to be wholly dependent under Code of 1975, § 25-5-61(3); such children are therefore entitled to workmen’s compensation death benefits under Code of 1975, § 25-5-60. In order to be classified as a “child,” however, one must fit within the statutory definition of “child or children,” Code of 1975, § 25-5-1(2). That section provides in part that the terms “include posthumous children and all other children entitled by law to inherit as children of the deceased.” Code of 1975, § 25-5-1(2) (emphasis added.)
The first question presented for our review is whether the Court of Civil Appeals correctly determined, though implicitly, that the statutory definition of “children” can be extended to include all actual illegitimate children. I have concluded that the definition of “children” in § 25-5-1(2) may not be read to include all of the actual illegitimate children of a deceased male worker because of the express terms employed by the legislature; the plain meaning of the statute is that only those illegitimate children of a decedent who would be “entitled by law to inherit” as his children are to be regarded as “children” for the purposes of the Workmen’s Compensation Act. The construction placed upon the statute defining “children” by the Court of Civil Appeals would thus be permissible *1146 only if in every case an illegitimate child of a deceased male would be entitled by the law of this state to inherit from his father in the event of the father’s intestate death. Our recent decision in Everage v. Gibson, Ala., 372 So.2d 829 (1979), clearly demonstrates the incorrectness of such a proposition. Under Everage, only some children born out of wedlock necessarily inherit from an intestate father, for only in certain specific situations will an illegitimate child be entitled by law to a share of the estate of his intestate father:
(1) When the child has been legitimated by the marriage of the parents and has been clearly an unambiguously recognized by the father (See Code of 1975, § 26-11-1); or
(2) When the child has been legitimated by the father’s written, attested and filed declaration (See Code of 1975, § 26-11-2); or
(3) When the child’s paternity has been judicially determined (See Code of 1975, § 26-12-1 et seq.). 372 So.2d at 833.
Since only illegitimates who fall within one of the situations enunciated in Everage are “entitled by law” to inherit from their fathers, it is clear that the Court of Civil Appeals erred in implicitly ruling that “child” and “children” as used in our statute include every illegitimate child and all illegitimate children.
Having found that the Court of Civil Appeals extended too broad a meaning to the definition of “children” in § 25-5-1(2), I turn now to the question of the statute’s constitutionality. The issue is whether the Alabama statute, which in effect allows an illegitimate child of a deceased workman to recover workmen’s compensation death benefits only if the child has been “legitimated” by one of the processes set forth in Everage, is constitutional in view of the decision of the U. S. Supreme Court in Weber v. Aetna Casualty & Surety Co., 406 U.S. 164, 92 S.Ct. 1400, 31 L.Ed.2d 768 (1972).
In the Weber case, the Supreme Court considered the constitutional validity of a Louisiana statute which allowed dependent illegitimate children to share equally in workmen’s compensation death benefits with dependent legitimate children only if the illegitimates had been “acknowledged” by a process similar to that found in Code of 1975, § 26-11-2 (/. e., a written, attested, and filed declaration of paternity by the father). Testing the statute’s constitutionality under the Equal Protection Clause of the Fourteenth Amendment, the Court framed a dual standard which seems to be a hybrid of the “rational basis” and “compelling state interest” standards:
The essential inquiry in all the foregoing cases is, however, inevitably a dual one: What legitimate state interest does the classification promote? What fundamental personal rights might the classification endanger? [406 U.S. at 173, 92 S.Ct. at 1405.]
Although the Supreme Court conceded the legitimacy of the state’s interest in regulating and protecting legitimate family relationships, the Court found that discrimination, via the Workmen’s Compensation statute, against dependent children born of illicit relationships did not promote the state’s interest:
Nor can it be thought here that persons will shun illicit relations because the offspring may not one day reap the benefit of workmen’s compensation. [406 U.S. at 173, 92 S.Ct. at 1405.]
I perceive no fundamental difference between the Louisiana statute held unconstitutional in Weber and our own statutory scheme, which allows the recovery of benefits by illegitimates only under certain circumstances. Both statutes impose significant legal conditions upon the right of illegitimate dependents to share workmen’s compensation benefits equally with legitimate dependents. Although the Alabama scheme, as opposed to Louisiana’s, very likely would enable more illegitimate children to recover workmen’s compensation, the difference in effect is one of degree rather than kind. Both compensation systems set up barriers in the path of illegitimates seeking compensation, barriers which the 'illegit *1147 imate child will frequently be incapable of overcoming. Under our statute, a child, through no fault of his own, may be deprived of a means of recovery for the death of his actual father simply because he is illegitimate and has not been “legitimated.” Under Weber, discrimination on this basis is constitutionally prohibited in the workmen’s compensation context. Although the state has a genuine interest in protecting the traditional family unit, § 25-5-1(2), by penalizing illegitimate children instead of their parents, does not serve the state’s valid concern. As Justice Powell aptly pointed out in Weber:
The status of illegitimacy has expressed through the ages society’s condemnation of irresponsible liaisons beyond the bonds of marriage. But visiting this condemnation on the head of an infant is illogical and unjust. Moreover, imposing disabilities on the illegitimate child is contrary to the basic concept of our system that legal burdens should bear some relationship to individual responsibility or wrongdoing. Obviously, no child is responsible for his birth and penalizing the illegitimate child is an ineffectual — as well as an unjust — way of deterring the parent. Courts are powerless to prevent the social opprobrium suffered by these hapless children, but the Equal Protection Clause does enable us to strike down discriminatory laws relating to status of birth where — as in this case — the classification is justified by no legitimate state interest, compelling or otherwise. [406 U.S. at 175-76, 92 S.Ct. at 1406-07.]
Because the classification employed in § 25-5-1(2) does not promote any legitimate interest of the state, that provision is unconstitutional.
I do not, however, wish to be understood to conclude that statutory discrimination against illegitimates is always constitutionally impermissible. The constitutionality vel non of a statutory scheme which discriminates to some extent against a class of persons must be determined in each case on the basis of the relationship between the classification and the state interest sought to be served. Everage v. Gibson, for example, would remain a viable precedent because some discrimination against illegiti-mates is justifiable in the area of intestate succession; the limitations placed by our statutes upon the rights of illegitimates to inherit from their intestate fathers are not invalid, because of the state’s strong interest in providing for the orderly, certain, and final disposition of an intestate’s property at his death. Everage, supra; see Lalli v. Lalli, 435 U.S. 921, 98 S.Ct. 1482, 55 L.Ed.2d 514 (1978). No such purpose, however, is served by denying actual illegitimate children of a deceased workman the right to recover benefits for his death. The mandate of the Equal Protection Clause of the Fourteenth Amendment is violated by conditioning the right to recover workmen’s compensation benefits upon being entitled by law to inherit property from an intestate. For the purposes of intestate succession, some statutory discrimination is valid; for the purposes of workmen’s compensation, it is not.
For these reasons, I agree that the portion of the judgment of the Court of Civil Appeals upholding the trial court’s finding that Kenneth Leonard Foy was the illegitimate son of the deceased should be affirmed. That portion of the decision sustaining the constitutionality of Code of 1975, § 25-5-1(2), however, is clearly erroneous, for under the doctrine of separation of powers the Court of Civil Appeals, even for the most salutary of purposes, cannot furnish amendatory language for a clear expression of the legislature.
FAULKNER and EMBRY, JJ., concur.